YOUNG & THOMPSON
Douglas V. Rigler
drigler@young-thompson.com
Jeffrey M. Goehring, 233002
jgoehring@young-thompson.com
209 Madison Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 521-2297
Facsimile: (703) 685-0573

Counsel for Defendant Leica Microsystems, Inc.

## THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., | Civil Action No.  11-cv-02756-DMS-JMA |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2), (3), and (6)** |
| LEICA MICROSYSTEMS, INC., and DOES 1-10, inclusive, | |
| Defendants. | Date:          Feb. 24, 2012<br>Time:          1:30 p.m.<br>Courtroom:  10<br>Judge:         Sabraw |

# <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES………………………………………………………iii

INTRODUCTION……………………………………………………………...1

FACTS…………………………………………………………………………...1

I.   THE COURT DOES NOT HAVE PERSONAL
     JURISDICTION OVER LEICA……………………………………………3

     A.   The Court Lacks Specific Personal Jurisdiction Over Leica……………..4

     B.   It would be unfair and unjust to exercise jurisdiction over Leica based on
          a discussion by a third party that has no relevance to the patent claims
          asserted against Leica……………………………………………………..6

     B.   The Court Lacks General Personal Jurisdiction Over Leica…………….6

II.  VENUE IS IMPROPER IN THIS DISTRICT……………………………….7

III. ANTICANCER FAILS TO STATE CLAIMS FOR INDIRECT
     INFRINGEMENT……………………………………………………………..9

     A.   AntiCancer fails to state a claim for inducement of infringement………..9

     B.   AntiCancer fails to state a claim for contributory infringement………...11

CONCLUSION………………………………………………………………..12

**Young & Thompson**
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

<div align="left">1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28</div>

**Young & Thompson**
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*
        501 F.3d 1307 (Fed. Cir. 2007)……………………………………………………11

*Aro Mfg. Co. v. Convertible Top Replacement Co.*
        377 U.S. 476 (1964)…………………………………………………………………11

*Ashcroft v. Iqbal*
        556 U.S. 662 (2009)…………………………………………………………………..9

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*
        566 F.3d 1012 (Fed. Cir.
2009)……………………………………………………………………………………..6

*Avery Dennison Corp. v. Alien Tech. Corp.*
        632 F. Supp. 2d 700 (N.D. Ohio 2008)………………………………………………8

*Bell Atl. Corp. v. Twombly*
        550 U.S. 544 (2007)………………………………………………………………..1, 8

*Bender v. Motorola, Inc.*
        2010 U.S. Dist. LEXIS 26076 (N.D. Cal. Feb. 26, 2010)…………………………...10

*Burger King Corp. v. Rudzewicz*
        471 U.S. 462
(1985)……………………………………………………………………………………..3

*Campbell Pet Co. v. Miale*
        542 F.3d 879 (Fed. Cir. 2008)………………………………………………………..7

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*
        297 F.3d 1343 (Fed. Cir. 2002)………………………………………………………..4

*Doe v. Unocal Corp.*
        248 F.3d 915 (9th Cir. 2001)………………………………………………………....4

*DSU Medical Corp. v. JMS Co., Ltd.*
        471 F.3d 1293 (Fed. Cir. 2006)………………………………………………………9

*Global-Tech Appliances, Inc. v. SEB S.A.*
        -- U.S. --, 131 S. Ct. 2060 (2011)…………………………………………………10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
        466 U.S. 408 (1984)…………………………………………………………………..7

*Hewlett–Packard Co. v. Bausch & Lomb, Inc.*
        909 F.2d 1464 (Fed. Cir. 1990)……………………………………………………....12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Young & Thompson**
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

*International Shoe Co. v. Washington*
 326 U.S. 310 (1945)……………………………………………………...1, 3, 6

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*
 232 F.3d 1369 (Fed. Cir. 2000)………………………………………………….4

*Pacific Atl. Trading Co. v. M/V Main Express*
 758 F.2d 1325 (9th Cir.
1985)……………………………………………………………………………..3

*Winn Inc. v. Eaton Corp.*
 272 F. Supp. 2d 968 (C.D. Cal.
2003)……………………………………………………………… …..12

*3D Systems, Inc. v. Aarotech Labs*, Inc.
 160 F.3d 1373 (Fed. Cir. 1998)…………………………………………………3


**Statutes**

28 U.S.C. 1391………………………………………………………………...8

28 U.S.C. 1400………………………………………………………………...8

35 U.S.C. 271……………………………………………………………………5

Cal. Civ. Proc. Code § 410.10…………………………………………………..3

Fed. R. Civ. P. 12(b)(2)………………………………………………………....1

Fed. R. Civ. P. 12(b)(3)………………………………………………………....1

Fed. R. Civ. P.
12(b)(6)……………………………………………………….......................1

**INTRODUCTION**

The Court should dismiss the Complaint of AntiCancer, Inc. ("AntiCancer") against Leica Microsystems, Inc. ("Leica") pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue.

AntiCancer fails to allege that Leica's activity in California gave rise to AntiCancer's infringement claims as required for specific personal jurisdiction.  Moreover, specific personal jurisdiction is impossible because Leica never sold the FCM 1000 instrument in California, or had service people in CA trained to repair the instrument, and because the scientific talk sponsored by Leica did not include any reference to that device or any other that involved whole body imaging, as required by the patent.  Accordingly, AntiCancer's infringement claims cannot arise out of any of Leica's activity in California.  Leica's lack of specific activity related to the patent-in-suit would render jurisdiction in this district unfair and unjust.  *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

In addition, the Court should dismiss the indirect infringement claims (inducement of infringement under 35 U.S.C. 271(b) and contributory infringement under 271(c)) asserted against Leica under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  With increasing frequency, courts require that plaintiffs who allege indirect patent infringement do so with certain specific factual allegations.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Courts have dismissed complaints, similar to the complaint in this case, where a plaintiff merely alleges that indirect infringement sections of 35 U.S.C. 271 have been violated without pleading the necessary factual allegations.

**FACTS**

Leica is a Delaware corporation with its principal place of business located in Illinois at 1700 Leider Lane, Buffalo Grove, Il 60089.  Waters Dec. ¶ 3.  Leica specializes in

microscopes and other optical scientific instruments. *Id.* ¶ 4. Leica does not engage in basic research using the instruments its manufactures and sells. *Id.* ¶ 5.

AntiCancer alleges in its Complaint that Leica infringes Patent No. 6,649,159. Complaint ¶¶ 7-14. The '159 patent includes only method claims covering a method of monitoring the expression of a fluorescent protein genetically engineered into an animal. Exhibit A, Complaint, (the '159 patent). The method of monitoring the expression of the gene claimed in the patent requires observing the fluorescence associated with the gene expression using "whole-body external fluorescent optical imaging." Claim 1 of the '159 Patent.

AntiCancer alleges that an imaging device known as the Leica FCM 1000 may be and was used to practice the claimed method by both Leica (direct infringement) and by unknown and unidentified[1] third parties at the specific urging of Leica (indirect infringement). Complaint ¶¶ 7-14.

Regarding personal jurisdiction, AntiCancer makes broad, unspecific accusations in its Complaint:

> Leica also has specifically directed its activities with respect to its products and Anticancer's inventions into this judicial district by promoting its products to third parties within this district and by participating in and sponsoring one or more national trade shows held in this judicial district, including sponsoring the "Leica Scientific Forum San Diego" regarding 'Pushing the Envelope of Biological Imaging', in which the key speaker discussed matters directly pertaining to AntiCancer's patented methods. Leica USA is also licensed by Mauna Kea Technologies, a French company, to sell its 'CellVizio' imaging device under Leica's brand name as the 'Leica FCM 1000.'

Complaint ¶ 4. No other jurisdictional facts regarding an alleged connection with California are alleged in the Complaint except for those in paragraph 4 reproduced

---

[1] Since AntiCancer admits that it does not even know the identities of the alleged users, it should be impossible for AntiCancer to allege that they use the FCM 1000 in a manner that infringes the patent.

Young & Thompson
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

above.  AntiCancer does not allege that an FCM 1000 instrument was ever sold in California and in fact none has ever been sold in California.  Waters Dec. ¶ 8. Neither have there ever been any service people trained to maintain and service the device based in California.

The event in California that included a speech on 'Pushing the Envelope of Biological Imaging' was a scientific talk by third party scientists sponsored by Leica, not a "tradeshow" as alleged in AntiCancer's Complaint.[2]  Moreover, the talk alleged in the Complaint did not mention or discuss the FCM 1000 device.  Zapf Dec. ¶ 4. The talk alleged in the Complaint also did not include any discussions of "whole body external fluorescent imaging", which the particular type of imaging claimed in the patent asserted by AntiCancer.

**I.      THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER LEICA**

The exercise of personal jurisdiction over an out-of-state defendant must comport with constitutional due process.[3]  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).  Due process requires that "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (citations omitted); *Pacific Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985); *3D Systems, Inc. v. Aarotech Labs*, Inc., 160 F.3d 1373, 1377 (Fed. Cir. 1998).

Courts apply the law of the Federal Circuit in analyzing personal jurisdiction in patent

---

[2] Leica itself does not conduct any research using the instruments it sells.  Waters Dec. ¶ 5.

[3] California's long-arm statute is co-extensive with the limits of federal due process.  Cal. Civ. Proc. Code § 410.10.  The jurisdictional inquiry under the state statute and the federal due process clause is therefore the same.  *Pacific Atl. Trading Co. v. M/V Main*

**Memorandum**                                    3                          **11-cv-02756-DMS-JMA**

cases.  *See LSI Indus. Inc. v. Hubbell Lighting, Inc*., 232 F.3d 1369, 1371 (Fed. Cir. 2000). When an exercise of personal jurisdiction is challenged, the burden is on plaintiff to demonstrate why the exercise of jurisdiction is proper.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

### A.      There is no specific personal jurisdiction

Specific personal jurisdiction exists if: 1) the defendant purposefully directed its activities at the residents of California; 2) the plaintiff's claims arise out of those activities; and 3) it is reasonable and fair for the court to exercise jurisdiction over a non-resident defendant.  *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1351 (Fed. Cir. 2002).  AntiCancer fails to allege or otherwise make a *prima facie* case that its infringement claims "arise out of" Leica conduct in California.  Moreover, the facts are such that AntiCancer's infringement claims do not "arise out of" any of Leica's activity in California.

The only activity alleged in the Complaint that took place in California and that allegedly gives rise to AntiCancer's infringement claims are Leica's alleged activities with respect to an event called the Leica Scientific Forum.  AntiCancer alleges that a "key speaker" at this event "discussed matters directly pertaining to AntiCancer's patented methods."  It is readily apparent that the general allegation that a discussion "pertaining" to "AntiCancer's patented methods" fails to make any reference to the patent alleged to be infringed.  Specific personal jurisdiction requires that the actionable conduct alleged to take place in California specifically gives rise to the causes of action alleged by the plaintiff.  In this case, the causes of action are direct and indirect infringement of the method claims of the '159 patent, not the unspecific and unlimited-in-scope "AntiCancer's patented methods"

*Express*, 758 F.2d 1325, 1327 (9th Cir. 1985).

**Young & Thompson**
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

alleged by AntiCancer.

Any allegation that a speaker discussed patented methods in California, without more, is not an allegation that activities took place in California that give rise to direct or indirect infringement of a patent. Direct infringement of a method claim as alleged by AntiCancer requires the use or practice of the method. 35 U.S.C. 271(a). AntiCancer's allegation that a speaker "discussed" a patented method is not an allegation of conduct that could give rise to a claim for direct patent infringement because discussion does not constitute use or practice of a patented method.

Inducement of infringement of a method claim under 35 U.S.C. § 271(b), as alleged by AntiCancer, requires active inducement of infringement. However, the only California-specific allegation made by AntiCancer is mere discussion of patented methods. Even if taken as true (solely for the purposes of this analysis), discussion cannot constitute inducement as a matter of law.

Contributory infringement of a method claim under 35 U.S.C. § 271(c), as alleged by AntiCancer, requires the sale, offer to sell, or importation of a device especially adapted for use in a patented process or method alleged to be infringed. AntiCancer alleges that the Leica FCM 1000 is the device especially adapted for contributory infringement. However, AntiCancer does not allege that any activity with respect to this device took place specifically within California. Again, the only California-specific activity alleged by AntiCancer is the discussion of unidentified "patented methods" by a speaker at a forum. Accordingly, AntiCancer's contributory infringement claims do not "arise out of" activity directed to the residents of California as required by the three-prong test for specific personal jurisdiction.

In addition to AntiCancer's failure to adequately plead specific personal jurisdiction, the facts are such that no specific personal jurisdiction could possibly arise from the Leica Scientific Forum. The attached declaration of Dr. Thomas Zapf, the Director Scientific

Young & Thompson
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Relations for Leica and the person who organizes Leica's scientific forums, includes the declaration that no speaker at any Leica-sponsored California Scientific Forum has ever made a presentation discussing the FCM 1000 device. Zapf Dec. ¶ 4. Dr. Zapf also declares that no such speaker has ever discussed certain of the essential techniques and elements of the method claimed in the '159 patent. Zapf Dec. ¶ 5. In particular, Dr. Zapf declares that "external whole body fluorescent imaging", <u>which is an element of each '159 claim</u>, was not discussed at any California Scientific Forum. *Id.* The lack of discussion regarding the device allegedly used to infringe the method, or the essential whole-body-external imaging technique to which the allegedly infringed claims are limited, requires that the California Scientific Forums cannot give rise to AntiCancer's infringement claims as required for specific personal jurisdiction.

**B.     It would be unfair and unjust to exercise jurisdiction over Leica based on a discussion by a third party that has no relevance to the patent claims asserted against Leica**

Exercising jurisdiction over Leica based upon a single allegation that Leica attended a conference where "patented methods" allegedly were discussed by third party scientists would conflict with the "fair play and substantial justice" requirement of *International Shoe Co.*, 326 U.S. at 315. It is unreasonable for Leica to expect to be haled into court merely for sponsoring a scientific talk for third party scientists, particularly when no such talk has any relation or connection to the patent claims asserted against it.

**C.     There is no general personal jurisdiction**

General personal jurisdiction is inadequately alleged in the Complaint such that no *prima facie* case is made. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012 (Fed. Cir. 2009) (plaintiff is required to allege a *prima facie* case for general personal

**Young & Thompson**
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

Young & Thompson
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

jurisdiction if that is to be the basis for jurisdiction).

A defendant must maintain "continuous and systematic" contacts with the forum state for general personal jurisdiction (where the cause of action has no relation to the defendant's contacts). *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  In *Helicopteros*, the Supreme Court rejected the plaintiff's assertion of personal jurisdiction in Texas where the defendant did not have a place of business in Texas and had never been licensed to do business in the state. *Id*. at 416.  The Supreme Court reached this conclusion despite the fact that the defendant "sen[t] its chief executive officer to Houston for a contract-negotiation session; accept[ed] into its New York bank account checks drawn on a Houston bank; purchas[ed] helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sen[t] personnel to Bell's facilities in Fort Worth for training." *Id.*

Nothing alleged in AntiCacner's Complaint even approaches the commercial contacts that the Supreme Court held were insufficient in *Helicopteros*.  Attendance at a conference is not sufficient for the exercise of general personal jurisdiction under Federal Circuit law. *Autogenomics*, 566 F.3d 1012 (holding that alleged conference appearances alleged to have been used to meet with potential and existing customers does not constitute a *prima facie* allegation of continuous and systematic contacts); *Campbell Pet Co. v. Miale*, 542 F.3d 879 (Fed. Cir. 2008) (holding that conference attendance in the forum, a cease-and-desist letter sent into the forum, twelve sales in the forum totaling about $14,000 in revenue, and a generally accessible website were insufficient to give rise to general jurisdiction).

AntiCancer does not allege continuous and systematic contacts sufficient to make out a *prima facie* case for general personal jurisdiction.

## II.   VENUE IS IMPROPER IN THIS DISTRICT

Venue in patent cases must be analyzed on a district-specific basis.  In States with

more than one federal district, personal jurisdiction and venue for corporate defendants are similar but not identical questions.  The analysis for personal jurisdiction relates to contacts with the entire state.  In contrast, the analysis for proper venue is whether the corporation has <u>sufficient contacts with the forum district</u> such that it would be subject to personal jurisdiction in that district <u>if that district were a separate state</u>.  28 U.S.C. § 1391(c).

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which states:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

The applicable definition of "reside" in the context of a corporate defendant sued in a state with multiple districts is set forth in the second sentence of 28 U.S.C. § 1391(c), which states:

> In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State <u>within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State</u>, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c) (emphasis added).  Pursuant to this section, the court determines venue questions on a district-by-district basis.  *See Avery Dennison Corp. v. Alien Tech. Corp.*, 632 F. Supp. 2d 700, 714 (N.D. Ohio 2008) (collecting cases regarding the inapplicability of the first sentence of Section 1391 in patent cases in states with more than one district).  The Court must treat the Southern District of California as a separate State and determine whether Leica is subject to personal jurisdiction based on Leica's contacts solely within the Southern District California, to the exclusion of contacts with other districts in California.

As noted above,  AntiCancer does not allege facts that would allow the exercise of jurisdiction over Leica.  The failure in pleading is even more glaring when considered on a district-by-district basis.  Accordingly, venue is improper in this district and the action should

Young & Thompson
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

be dismissed on that basis.<u>4</u>

## III.   ANTICANCER FAILS TO STATE CLAIMS FOR INDIRECT INFRINGEMENT

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint.  Allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  For the purposes of ruling on a Rule 12(b)(6) motion, a court must assume that the facts presented by the plaintiff are true.  This assumption, however, excludes "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 555).

Consequently, in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter" as to provide the court with enough plausible evidence to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Iqbal, 129 S. Ct. at 1950.  This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

### A.   AntiCancer fails to state a claim for inducement of infringement

One who "actively induces infringement of a patent" is liable under 35 U.S.C. § 271(b).  The elements of induced infringement are: (1) direct infringement by another; (2) "knowledge of the acts [of others] alleged to constitute [direct] infringement"; and (3) "specific intent and action to induce infringement."  *DSU Medical Corp. v. JMS Co., Ltd.*,

---

<u>4</u> Alternatively, the Court may transfer this action to the Northern District of Illinois, which is where information, documents, and persons with knowledge of the FCM 1000 are located.

Young & Thompson
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

471 F.3d 1293, 1305 (Fed. Cir. 2006) (citations omitted); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, -- U.S. --, 131 S. Ct. 2060, 2068 (2011) ("We now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.").  Thus, the Supreme Court interprets § 271(b) to require proof that an inducer "persuade[d] another to engage in conduct that the inducer knows is infringement."  *Id.*

In light of *Iqbal* and *Twombly*, AntiCancer was required to make factual allegations sufficient to create a plausible claim of Leica's knowledge of the patent *and* of third parts acts alleged to constitute direct infringement *and* Leica's specific intent to induce the third party direct infringement *and* actions taken by Leica to induce those acts.  However, all of AntiCancer's allegations regarding each of these elements are entirely conclusory.  AntiCancer alleges specific intent to induce only by alleging that Leica "has instructed and aided and induced [third parties] to perform one or more of the claimed methods."  Complaint ¶¶ 11.  Regarding Leica's actual knowledge of the '159 patent, AntiCancer alleges only that "Leica USA had actual knowledge of the '159 Patent and its claimed inventions."  Complaint ¶ 11.  There are no specific allegation as to how or why or when or under what circumstances Leica may have come to have actual knowledge of the '159 patent.  Regarding Leica's knowledge of the direct infringement of third parties, AntiCancer alleges only that Leica "has known and intended that its customers would directly infringe."  Complaint ¶ 11.  There is not even a specific allegation that Leica did in fact know of any direct infringement by its customers.[5]

More is required.  *See Bender v. Motorola, Inc.*, 2010 U.S. Dist. LEXIS 26076 *10 (N.D. Cal. Feb. 26, 2010) (finding that a complaint alleging that the Defendant "'performed

---

[5] Leica renews its observation that it was improper for AntiCancer to assert claims against multiple "Doe" defendants if AntiCancer can only speculate regarding the possibility of their direct infringement and Leica's alleged intent to induce infringement.

acts . . . that infringe and induce others to infringe'. . . [was a] conclusory, fact-barren

allegation [that] fail[ed] to state a claim for inducement to infringe under 35 U.S.C. §

271(b)") (citing *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed.

Cir. 2007)).  AntiCancer does not identify any direct infringer by name.  Neither does

AntiCancer plead any facts that Leica had knowledge that the alleged induced acts constitute

patent infringement.  Nor does AntiCancer plead any facts that Leica had specific intent to

induce infringement of the patents-in-suit.  For each crucial knowledge and intent element of

its inducement of infringement claim, AntiCancer merely provides "[t]hreadbare recitals of

the elements of a cause of action" that are inadequate.  *Iqbal*, 129 S. Ct. at 1949.


### B.    AntiCancer fails to state a claim for contributory infringement

35 U.S.C. 271(c) "require[s] a showing that the alleged contributory infringer <u>knew</u>

<u>that the combination for which his component was especially designed was both patented and</u>

<u>infringing</u>."  *See Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 488

(1964) (emphasis added).

AntiCancer provides highly generalized statements concluding that Leica was not

only aware of the '159 patent but also knew its products was "especially made or especially

adapted for use in an infringement of such patent, and not a staple article or commodity of

commerce suitable for substantial non-infringing use."  Complaint ¶ 11.  This recitation

parrots verbatim the required elements of a § 271(c) action without providing any factual

setting.  *See Twombly*, 550 U.S. at 557 ("A statement of . . . conduct consciously undertaken

needs some setting suggesting the agreement necessary to make out a . . . claim.").

Moreover, AntiCancer has not pleaded any facts that Leica's FCM 1000 device has no non-

infringing uses as required by 35 U.S.C. 271(c).

**Young & Thompson**
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Courts have generally required some factually supported allegations of knowledge in claims of contributory infringement.  *See, e.g., Winn Inc. v. Eaton Corp.*, 272 F. Supp. 2d 968, 975, n.3 (C.D. Cal. 2003) (citing *Hewlett–Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) (arguing that "proof of a defendant's knowledge . . . that his activity cause[d] infringement was necessary to establish contributory infringement") (emphasis in original)).

## CONCLUSION

For the reasons above, Leica respectfully requests that this Court dismiss AntiCancer's Complaint for lack of personal jurisdiction over Leica and alternatively for lack of venue in this district.  Leica also requests that the Court dismiss AntiCancer's claims for indirect infringement for failure to state a claim.

January 10, 2012

<div style="margin-left:auto;width:60%">

YOUNG & THOMPSON

By:____/s/Jeffrey M. Goehring_____
     Jeffrey M. Goehring

</div>

Counsel for Defendant Leica Microsystems, Inc.

Young & Thompson
209 Madison St., Suite 500
Alexandria, VA 22314
(703) 521-2297

**CERTIFICATE OF SERVICE**

The undersigned certifies that the within was served by the Court's ECF system upon the below listed counsel of record this 10th day of January 10, 2012.

Matthew D. Valenti
Anticancer, Inc.
7917 Ostrow Street
San Diego, CA 92111

Counsel for Plaintiff Anticancer, Inc.

By:   /s/Jeffrey M. Goehring
         Jeffrey M. Goehring