Matt Valenti (SBN 253978)
AntiCancer, Inc.
7917 Ostrow Street
San Diego, CA 92111
Tel: (619) 654-2555
Fax: (619) 268-4175
Email: mattvalenti@anticancer.com

Attorney for Plaintiff AntiCancer, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTICANCER, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>LEICA MICROSYTEMS, INC., and<br>DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No. 3:11-cv-02756-DMS-JMA<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:   April 20, 2012<br>Time:  1:30 p.m.<br>Courtroom:  10<br>Judge:  Hon. Dana M. Sabraw |

<u>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**</u>

**PLASE TAKE NOTICE** that on April 20, 2012, at 1:30 p.m., in the courtroom of the Honorable Dana M. Sabraw, located at 940 Front Street, San Diego, California 92101, plaintiff, AntiCancer Inc. ("AntiCancer") will, and hereby does, move for an order granting AntiCancer leave to file its First Amended Complaint.

1

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, AntiCancer's First Amended Complaint, and the [Proposed] Order filed herewith, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Through this motion, AntiCancer seeks leave to file its First Amended Complaint pursuant to Federal Rule of Civil Procedure 15.

AntiCancer's First Amended Complaint, attached hereto, adds two patent infringement claims against defendant Leica Microsystems, Inc. ("Leica"), as well as new factual matter pertaining to these new claims and the existing claim. These new facts and new infringement claims are based on information that AntiCancer has learned since the filing of its original complaint.

AntiCancer's counsel contacted Leica's counsel to seek Leica's consent to the amendment pursuant to Federal Rule of Civil Procedure 15. However, Leica has not consented to the filing of this First Amended Complaint as of the time of the filing of this motion. Accordingly, AntiCancer seeks an order permitting it to file the proposed First Amended Complaint.

**II.     STATEMENT OF FACTS**

AntiCancer filed this lawsuit on November 28, 2011, alleging infringement of AntiCancer's U.S. Patent No. 6,649,159 (the "'159" patent).

On January 10, 2012 Leica filed a motion to dismiss which is currently pending before the court.

Since filing the complaint, AntiCancer has discovered additional information and relevant evidence necessitating the filing of this First Amended Complaint. This information includes facts and evidence relating to Leica's direct and indirect infringement of the '159 patent, as well as its direct and

indirect infringement of two additional AntiCancer patents, U.S. Patent No. 6,759,038 (the "'038" patent) and U.S. Patent No. 6,251,384 (the "'384" patent). Some (but not all) of AntiCancer's newly discovered evidence is detailed in the new factual allegations and Exhibits 1 and 2 of the First Amended Complaint filed with this motion.

These new facts and allegations include, *inter alia*, facts regarding several published articles by customers of Leica using Leica instruments in research that infringes upon AntiCancer's patents, as well as facts regarding numerous promotional publications by Leica which instruct, encourage, and assist Leica's customers to practice AntiCancer's methods using Leica devices.

The First Amended Complaint also contains numerous facts regarding Leica's activities in and around this judicial district, including facts regarding Leica's unauthorized use of AntiCancer documents which the First Amended Complaint alleges were obtained from AntiCancer's website and used by Leica to promote its products. This evidence not only established specific jurisdiction, but is also evidence of indirect infringement of the '038 and '384 patents.

**III.   ARGUMENT**

    **A.   Leave Should Be Granted To Amend The Complaint.**

        **1.   Leave Is Freely Granted.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *See*, e.g., *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite

liberal" in granting leave to amend); see also Moore, 3-15 Moore's Federal Practice - Civil § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").

The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186.  None of these factors are present here.

### B.   Amendment Should Be Permitted.

AntiCancer's Amended Complaint is timely and has not been unduly delayed.  AntiCancer falls well within the liberal standard for freely allowing the amendment of pleadings.  *See Foman* 371 U.S. at 182 ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of  allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'").

AntiCancer offers its First Amended Complaint in good faith.  Since filing its original complaint, AntiCancer has discovered new and additional information regarding Leica's and its customers' activities.  This information supports AntiCancer's original and new claims.  See *Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim and introduced relevant evidence).

In sum, AntiCancer's First Amended Complaint is timely, in good faith, and does not prejudice Leica.  Consequently, none of the *Foman* factors on which courts base denial of motions for leave to amend are present here.  Thus, AntiCancer's motion for leave should be granted.

//

//

//

4
**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## IV. CONCLUSION

For all of the above stated reasons, the Court should issue an order granting AntiCancer leave to file its First Amended Complaint.

Respectfully submitted,

ANTICANCER, INC.

DATED: February 9, 2012      By:   /s/ *Matt Valenti*
                                         MATT VALENTI
                                 Attorney for Plaintiff AntiCancer, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 9, 2012, the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT and its accompanying exhibit**, was filed via the Case Management/Electronic Case Filing (CM/ECF) system, with service to be made on all parties via the automated generation and e-mailing of a Notice of Electronic Filing (NEF) by the CM/ECF system.

February 9, 2012              By:   /s/ *Matt Valenti*
                                    MATT VALENTI
                                    Attorney for Plaintiff AntiCancer, Inc.